## WATERS v. CROSSEN AND TASKER.

THIS case is intimately connected with the preceding one and involves many of the same facts. The petition was filed September 22, 1873.

It alleges the death of Tasker in 1859, leaving his widow in possession of their homestead on lot 3, block 70, and that lot 2 was partly used as a yard thereto. That lot 1 and part of lot 2 was occupied with a tenement house. That plaintiff was appointed administrator, and the debts exceed $5,000. That lot 1 was sold by a former administrator, and there has been paid upon the general debts out of the assets $7\frac{1}{2}$ per cent.

That for the purpose of paying debts, plaintiff has made application to sell the interest of the estate in lots 2 and 3 aforesaid.

That Orasmus and M. E. Waters are the present owners of lot one.

That about ten feet of the buildings on said lot one was at the date of the death of James Tasker, and has since been, upon lot 2 aforesaid, and the part of lot 2, upon which said building stands, has never been used as a homestead by defendant, Catharine Tasker. That Catharine Tasker served notice on O. and M. E. Waters to remove said buildings off said ten feet of lot 2, for the purpose of making said ten feet a part of her homestead, and she has commenced a suit of forcible entry and detainer, to get possession of said ten feet for such purpose.

That the said ten feet will sell to much better advantage if

there is no homestead right in the same.   Plaintiff asks an injunction restraining Catharine Tasker from prosecuting the suit of forcible entry and detainer, and from interfering with the rights of plaintiff as administrator of the estate of James Tasker, deceased.

The defendant, Catharine Tasker, admits the allegations of the petition, except that plaintiff has been duly appointed administrator, and has any right to sell the real estate in question.   She alleges that thirteen years have elapsed since the death of James Tasker before the pretended appointment of plaintiff as administrator, and more than seven years since the discharge of J. W. Ogden.   That a suit was commenced in the district court at the August Term, 1872, by her against M. E. and O. Waters, which was settled by their conceding her title to lots 2 and 3, and that they rented from her the portion of lot 2 occupied by their house.   That M. E. and O. Waters are estopped by said agreement to deny the title of defendant, and that they are the real parties in interest.   That since said agreement, defendant has had a fence erected on the line between lots 1 and 2, and all of lot 2 has been in her possession, except ten feet by twenty-five or thirty feet occupied by the kitchen of Waters.

She alleges that the property is residence property, and that there is no equity in the petition.

On the bill and answer an injunction was ordered by the Circuit Court, October 3d, 1872.   Afterward a motion was made in the Circuit Court to dissolve the injunction, which motion the court overruled.

Defendant procured a change of venue to the District Court, and there renewed the motion to dissolve the injunction, which motion was sustained.   Plaintiff appeals.

*Gillmore & Anderson*, for the appellant.

*Brown & Crossen*, for the appellees.

DAY, J.—The preceding case determines this:   If the executor cannot have an order for the sale of the real estate in question, he is not entitled to an injunction restraining the

defendant, Catharine Tasker, from making it a part of her homestead. .

AFFIRMED.